**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

ANDRES EXEQUIEL VILLATORO            CASE NO.  3:26-CV-02761 SEC P
WEELOCK

VERSUS                               JUDGE JAMES D. CAIN, JR.

MARKWAYNE MULLIN ET AL               MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

Before the court are an Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction [doc. 4] filed by immigration detainee Andres Exequiel Villatoro Weelock, in connection with his pending petition for writ of habeas corpus. *See* doc. 1. Petitioner, a native of Nicaragua, was detained in May 2026 and is currently in ICE custody at Richwood Correctional in Monroe, Louisiana. Doc. 4; doc. 11, att. 4. He was granted withholding of removal as to Nicaragua under the Convention Against Torture. Doc. 1, att. 1. He seeks habeas relief on the grounds that he was deprived of due process and fears refoulement to Nicaragua if deported to Mexico. He also moves for a temporary restraining order and preliminary injunction prohibiting his deportation or transfer, arguing that such action would deprive the court of the ability to adjudicate his habeas petition. Doc. 4. Respondents oppose the motion. Doc. 10.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not

granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

As respondents note, petitioner is a member of the *D.V.D.* class because he is an individual subject to a final order of removal who ICE plans to deport to a third country, *See D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F.Supp.3d 355, 392–393 (D. Mass. 2025). In the *D.V.D.* litigation, the class seeks the same remedy currently before this court: an injunction requiring Respondents "to provide meaningful notice and opportunity to present a fear-based claim before executing removal to a third country." *See id.* at 386. So, as another division, recently put it, "this Court should butt out." *Rodelo Echavez v. Lyons*, 2025 WL 3090769, at *2 (W.D. La. Sep. 22, 2025) (EDWARDS, J.) (citing *Green v. McKaskle*, 770 F.2d 445, 446-47 (5th Cir. 1985) ("[E]quitable claims by members of the [*D.V.D.*] class, which are comparable to those claims litigated and under ongoing review

Page 2 of 3

and supervision of the court in the [*D.V.D*] class action, should not be maintainable as individual causes of action")). Judge Edwards further observed:

> Furthermore, the Supreme Court stayed that relief in *D.V.D.*, aware that one of the plaintiffs, O.C.G., had been removed to Mexico and then deported back to Guatemala, where his removal had been withheld under CAT. *See U.S. Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153, 2154 (2025) (Sotomayor, J., dissenting). So too is the fear here—that Petitioner will be removed to Mexico and then to Colombia despite his CAT withholding order. Aware of that threat, and aware that everyone in O.C.G.'s situation is a member of this non-opt-out class, the Supreme Court still stayed the injunction requiring the relief now sought here. *See D.V.D.*, 145 S. Ct. at 2153. Since this granting of a stay "constitutes a precedent that commands respect," *see N.I.H. v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2663 (2025) (Gorsuch, J., concurring in part and dissenting in part), this Court declines to double-exercise its discretion and provide backdoor relief for Petitioner individually. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985) ("[A] court may ... in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere; *see also Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)) ("As between federal district courts, ... the general principle is to avoid duplicative litigation.").

*Id.* The same holds true here. In light of the Supreme Court's refusal to stay preliminary injunctive relief to petitioner and other members of the *D.V.D.* class, petitioner cannot "unequivocally show" his right to the extraordinary remedy he seeks. *Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. May 20, 2025) (citing *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013)). Accordingly, **IT IS ORDERED** that the Motions [doc. 4] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 3rd day of August, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**